**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gerrie A Cooley, et al., | No. CV-15-08145-PCT-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| James E Davison, et al., | |
| Defendants. | |

Before the Court is Defendant Darleen Davison's Motion to Dismiss. (Doc. 83.) The motion is fully briefed. For the following reasons, Davison's motion is granted.[1]

## **BACKGROUND**

In her First Amended Complaint (FAC), Plaintiff Gerrie Cooley alleges that she purchased a mobile home park called Camptown from Defendant the James E. Davidson Trust, but that the Trust, through its trustees and beneficiaries, misrepresented and omitted material information about Camptown's condition, revenues, and assets, and converted certain Camptown assets. (Doc. 51.) Cooley brings various contract and tort claims against the Trust, its trustees, and beneficiaries. Among these Defendants is Darlene Davidson, who Cooley claims is an unintended beneficiary of the misdeeds alleged. (*Id.*, ¶¶ 5, 140.) As relevant here, Cooley seeks to hold Davidson liable for

---

[1] Davidson's request for oral argument is denied because the issues are adequately briefed and oral argument will not aid the Court's resolution of the motion. LRCiv 7.2(f).

breach of contract (Count IV),[2] breach of the implied covenant of good faith and fair dealing (Count V), and civil conspiracy (Count VIII).  Davidson has moved to dismiss these claims under Federal Rule of Civil Procedure 12(b)(6).

## LEGAL STANDARD

When analyzing a complaint for failure to state a claim to relief under Rule 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party.  *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).  Legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), and therefore are insufficient to defeat a motion to dismiss for failure to state a claim, *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010).  Nor is the court required to accept as true "allegations that contradict matters properly subject to judicial notice," or that merely are "unwarranted deductions of fact, or unreasonable inferences."  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  To avoid dismissal, the complaint must plead sufficient facts to state a claim to relief that is plausible on its face.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557.)

## DISCUSSION

Counts IV and V are dismissed because Cooley has not plausibly alleged that Davidson was a party to the Camptown purchase contract.  Cooley alleges that the contract was between her and the Trust.  (Doc. 51, ¶¶ 27, 31, 33, 122.)  The Escrow Instructions attached as an exhibit to the FAC also identify the Trust, represented at that

---

[2] Davidson's motion erroneously states that the breach of contract claim is Count II in the FAC.  (Doc. 83 at 1.)

- 2 -

time by James Davidson as trustee, as the seller, and Cooley as the buyer. (Doc. 51-1 at 5.) Davidson cannot be held liable for breaching a contract to which she is not a party, or for breaching the covenant of good faith and fair dealing implied therein.[3] *See Kincaid v. Wells Fargo Bank*, No. CV-10-579-PHX-DGC, 2010 WL 2899058, at *3 (D. Ariz. July 22, 2010) ("[T]he implied covenant is only breached when one party denies the other a benefit of the agreement[.]").

Count VIII is dismissed because Cooley has not plausibly alleged that Davidson was a party to a civil conspiracy. "[L]iability for civil conspiracy requires that two or more individuals agree and thereupon accomplish and underlying tort which the alleged conspirators agreed to commit." *Wells Fargo Bank v. Ariz. Laborers, Teamsters & Cement Masons Local No. 395 Pension Trust Fund*, 38 P.3d 12, 36 (Ariz. 2002) (internal quotation and citation omitted). The only tort that Davidson is alleged to have committed is conversion. Specifically, Cooley alleges that Davidson "was required to turn over title on several mobile homes and has failed and refused to do so. Those assets are the property of Camptown, not Mrs. Davidson." (Doc. 51, ¶ 155.) Although Cooley conclusorily alleges that "Defendants conspired and agreed to commit the underlying torts alleged herein and accomplished those torts," the FAC is devoid of factual allegations plausibly showing that Davidson agreed with others to convert mobile homes. *See Iqbal*, 556 U.S. at 679 (Courts are "not bound to accept as true a legal conclusion couched as a factual allegation[.]"). Indeed, the FAC contains only three factual allegations that mention Davidson. The first alleges that Davidson is an Arizona resident, the second that she is an unintended beneficiary of the misdeeds alleged, and the third that Davidson refused to turn over several mobile homes. (*Id.*, ¶¶ 5, 140, 155.) The FAC, therefore, contains no factual allegations permitting the plausible inference that

---

[3] Cooley argues that Davidson may be held liable for the Trust's breach because she is an unintended beneficiary of the contract. This argument is without merit. Under some circumstances, contractual rights may flow to a third party if that party is an intended beneficiary. S*ee Kremen v. Cohen*, 337 F.3d 1024, 1029 (9th Cir. 2002). Davidson, however, is not seeking to enforce the purchase contract, nor has Cooley alleged that Davidson is an intended beneficiary of it. Rather, Cooley alleges only that Davidson is an unintended beneficiary.

- 3 -

1 Davidson conspired to commit torts against Cooley.  Accordingly,

2 **IT IS ORDERED** that Davison's Motion to Dismiss, (Doc. 83), is **GRANTED**.

3 Dated this 20th day of October, 2016.

Douglas L. Rayes
United States District Judge