1 **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Gerrie A Cooley, et al., | No. CV-15-08145-PCT-DLR |
|---|---|
| Plaintiffs, | **AMENDED ORDER**[1] |
| v. | |
| James E Davison, et al., | |
| Defendants. | |

This case arises out of the sale of Camptown Mobile Home Park ("Camptown"), located in Show Low, Arizona. During the relevant time period, Camptown was owned by Defendant James E. Davison Revocable Trust Dated March 26, 2003 ("Trust") and operated as a sole proprietorship.[2] Jim Davison ("Jim"), who now is deceased, was the settlor of the Trust, and he and his daughter Defendant Eileen Davison ("Eileen") operated the business together. In August 2014, Plaintiff Gerrie Cooley purchased Camptown, including all park owned trailers, buildings, and equipment, as well as all lease agreements and carryback loans between Camptown and its tenants. Cooley and Plaintiff Camptown of Show Low, LLC ("the LLC"), a limited liability company of

---

[1] This order has been amended to reflect Defendants' correct names.

[2] The Trust was not clearly named as a defendant in the Amended Complaint. Instead, the Amended Complaint named Defendant Eileen Davison in her capacity as co-trustee of the Trust. At oral argument, however, the Court granted an unopposed oral motion to amend the complaint *nunc pro tunc* to reflect the Trust as a defendant.

1 | which Cooley is the sole member and manager, now claim that Defendants breached the sale agreement, converted Camptown assets, and committed fraud in connection with the sale of Camptown. (Doc. 51.)

Pending before the Court are Eileen's Motion for Partial Summary Judgment (Doc. 140) and Defendant Robert Davison's ("Robert") Motion for Summary Judgment (Doc. 141). The motions are fully briefed and the Court heard oral argument on June 20, 2017. For the following reasons, Eileen's motion for partial summary judgment is granted in part and denied in part, and Robert's motion for summary judgment is granted.

**I. Legal Standard**

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Substantive law determines which facts are material and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "A fact issue is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (quoting *Anderson*, 477 U.S. at 248). Thus, the nonmoving party must show that the genuine factual issues "'can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.'" *Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987) (quoting *Anderson*, 477 U.S. at 250).

**II. Discussion**

Robert moves for summary judgment on all claims against him because: (1) he is

not a co-trustee of the Trust; (2) he is not a party to the contract between Cooley and the Trust; (3) he owns all personal property that Cooley alleges he converted; and (4) there is no evidence to support Cooley's civil conspiracy claim against him. (Doc. 141.) Eileen and the Trust move for partial summary judgment as follows: (1) complete summary judgment on Cooley's Arizona Consumer Fraud Act (ACFA) claim because Camptown is not "merchandise" within the meaning of the act; (2) partial summary judgment on Cooley's common law fraud claim to the extent it is based on alleged misrepresentations about Camptown's revenue because Cooley knew before purchasing Camptown that the revenue projections were based on contingencies that had not yet occurred; (3) complete summary judgment on Cooley's negligent misrepresentation and breach of the covenant of good faith and fair dealing claims based on application of the economic loss rule; (4) partial summary judgment on Cooley's breach of contract claim against the Trust to the extent it is based on an alleged oral agreement to modify the terms of the promissory note at a later date, and complete summary judgment to the extent Cooley asserts the claim against Eileen because Eileen is not a party to the agreement; and (5) complete summary judgment on all claims purportedly brought on behalf of the LLC. (Doc. 140.)

During oral argument, Cooley made several concessions that substantially narrow the issues now before the Court. First, Cooley conceded that summary judgment against Robert is appropriate. Having reviewed the briefs, the Court agrees. Summary judgment therefore is granted in favor of Robert on all claims asserted against him.

Second, Cooley conceded that she cannot maintain a common law fraud claim based on alleged misrepresentations about Camptown's revenue because she was aware of the revenue issues prior to closing. Based on its own review of the record, the Court agrees. Cooley alleges that Eileen and the Trust falsely represented that Camptown's tenants paid $400 per month in rent and that it produced annual income of $551,400, of which $109,000 was profit. Cooley claims that Camptown actually produced less income and that the existing tenants' leases were only for $375 per month.

During negotiations over the sale of Camptown, Jim wrote down various numbers

related to Camptown's revenue. According to Eileen and the Trust, these numbers were estimates of Camptown's potential cash flow if certain conditions occurred in the future, such as raising rent from $375 to $400 per month and selling or renting eight units that were vacant at the time. Cooley claims that Jim represented these figures as Camptown's current revenue. Regardless, however, Cooley admitted during her deposition that she knew certain preconditions to earning that revenue, such as raising rent from $375 to $400 and leasing or selling certain vacant lots, had not occurred at the time she purchased Camptown and that she would be responsible for taking these steps post-sale. Accordingly, based on Cooley's concessions at oral argument and the Court's independent review, the Court grants partial summary judgment in favor of Eileen and the Trust on Cooley's common law fraud claim to the extent it is based on alleged misrepresentations concerning Camptown's revenue.

Third, Cooley conceded at oral argument she could not bring a breach of contract claim against Eileen because Eileen was not a party to the agreement. Indeed, the promissory note and escrow instructions, which together govern the transaction, identify the Trust and Cooley as the contracting parties. (Docs. 142-6, 142-7.) The Court therefore grants summary judgment in favor of Eileen on Cooley's breach of contract claim. Relatedly, the Court also grants summary judgment in favor of Eileen on Cooley's breach of the covenant of good faith and fair dealing claim because Eileen was not a party to the contract from which the duty of good faith allegedly derives.

Finally, Cooley conceded at oral argument that Arizona's Statute of Frauds, A.R.S. § 44-101, precludes her from asserting a breach of contract claim based on an alleged oral agreement to modify the terms of the promissory note after the close of escrow. Based on its own review, the Court agrees. Accordingly, partial summary judgment is granted in favor of the Trust on Cooley's breach of contract claim to the extent it is based on an alleged oral agreement to modify the terms of the promissory note.

After accounting for these concessions, the parties continue to dispute: (1) whether Cooley can maintain a claim under the ACFA; (2) whether the economic loss

rule bars Cooley's negligent misrepresentation claim against Eileen, and her negligent misrepresentation and breach of the covenant of good faith and fair dealing claims against the Trust; and (3) whether the LLC has asserted any viable claims. It is with these issues that the Court now engages.

### A. Consumer Fraud under the ACFA

Cooley alleges that Eileen and the Trust violated the ACFA by making false statements in connection with the sale of Camptown. "The elements of a private cause of action [under ACFA] are a false promise or misrepresentation made in connection with the sale or advertisement of merchandise and the hearer's consequent and proximate injury." *Holeman v. Neils*, 803 F. Supp. 237, 242 (D. Ariz. 1992). The ACFA defines "merchandise" as "any objects, wares, goods, commodities, intangibles, real estate or services, including direct primary provider plans[.]" A.R.S. § 44-1521(5). The Arizona Court of Appeals has held, however, that "[e]xisting business entities . . . are distinct from 'merchandise' as defined in the [ACFA]." *Waste Mfg. & Leasing Corp. v. Hambicki*, 900 P.2d 1220, 1224 (Ariz. Ct. App. 1995). "Although an existing business entity such as a corporation may include among its assets 'objects, wares, goods, commodities, intangibles, real estate, or services,' an existing business entity itself does not fall within any of those categories." *Id.*

It is undisputed that Camptown was a sole proprietorship at the time of sale, and that Cooley purchased Camptown as a business with the intent to continue operating it as such. Summary judgment in favor of Eileen and the Trust therefore is granted because Cooley cannot show that the alleged false statements were made in connection with the sale or advertisement of merchandise within the meaning of the ACFA.

### B. Economic Loss Rule

The economic loss doctrine is "a common law rule limiting a contracting party to contractual remedies for the recovery of economic losses unaccompanied by physical injury to persons or other property." *Flagstaff Affordable Hous. Ltd. P'Ship v. Design All., Inc.*, 223 P.3d 664, 667 (Ariz. 2010). Economic loss "refers to pecuniary or

commercial damage[.]" *Id.* The doctrine's principal function "is to encourage private ordering of economic relationships and to uphold the expectations of the parties by limiting a plaintiff to contractual remedies for loss of the benefit of the bargain." *Id.* at 671.

> [A]pplication of the doctrine to various tort claims requires a context-specific analysis that must take into account the policies behind contract and tort law. While tort law seeks to promote safety and spread the costs of accidents, contract law "seeks to preserve freedom of contract and to promote the free flow of commerce." Thus, if "common law contract remedies provide an adequate remedy because they allow recovery of the costs of remedying the defects ... and other damages reasonably foreseeable to the parties upon entering the contract[,]" there is no strong policy reason to also provide a tort remedy.

*Greyhound Lines Inc. v. Viad Corp.*, No. CV-15-01820-PHX-DGC, 2016 WL 6833938, at *7 (D. Ariz. Nov. 11, 2016) (quoting *Flagstaff*, 223 P.3d at 669).

Eileen and the Trust contend that Cooley's negligent misrepresentation and breach of the covenant of good faith and dealing claims are barred by the economic loss doctrine because Cooley seeks damages only "for the alleged decrease in value of Camptown, lost profits, and cost to repair Camptown. All of these damages fall within the ambit of her breach of contract claim." (Doc. 140 at 14.) The Court is not persuaded.

First, Eileen indisputably is not a party to the contract. It is not clear, then, why Cooley should be precluded from seeking tort remedies against her. *See Flagstaff*, 223 P.3d at 671-72 (explaining that courts should not "rely on the economic loss doctrine to preclude tort claims by non-contracting parties"). During oral argument, Eileen argued that the economic loss rule nonetheless should apply because any misrepresentations she is alleged to have made were made in an agency capacity on behalf of the Trust, which is a contracting party. Eileen and the Trust did not brief this agency argument, however, and the Court is without sufficient information to conclude, as a matter of law, that Eileen indisputably acted as an agent of the Trust or that Cooley's negligent misrepresentation claim against her is barred by the economic loss doctrine.

Second, the Court is not convinced that contract law provides an adequate remedy

for Cooley's alleged damages. For example, Cooley alleges that Eileen and the Trust made misrepresentations concerning Eileen's continued involvement in the management of the business, installation of garage doors, and the condition of Camptown's infrastructure and utilities, but the escrow instructions and promissory note say nothing about these matters. To the contrary, the escrow instructions indicate that Cooley purchased Camptown in "as is" condition. (Doc. 142-6.) It is unclear to the Court how the contract provides an adequate remedy for these alleged misrepresentations when it is silent on the matters. For these reasons, Eileen and the Trust have not demonstrated that they are entitled to judgment as a matter of law on Cooley's negligent misrepresentation claim, nor has the Trust demonstrated that it is entitled to summary judgment on Cooley's breach of the covenant of good faith and fair dealing claim.

### C. Claims on Behalf of the LLC

Finally, the Court agrees with Eileen and the Trust that the Amended Complaint states no viable claims on behalf of the LLC. The LLC was not a party to the contract and no claim for relief is sought on its behalf. Indeed, it is not even clear that the LLC existed during the relevant time period. For these reasons,

**IT IS ORDERED** that the Motion for Partial Summary Judgment (Doc. 140) filed on behalf of Defendant Eileen Davison, individually and as co-trustee of the James E. Davison Trust, is **GRANTED IN PART AND DENIED IN PART** as explained herein.

**IT IS FURTHER ORDERED** that Defendant Robert Davison's Motion for Summary Judgment (Doc. 141) is **GRANTED**.

**Dated this 28th day of June, 2017.**

Douglas L. Rayes
United States District Judge